UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-133 JVS (JDEx) | Date | September 22, 2021 |
| Title | Plutos Sama Holdings, Inc. v. Jagex Limited et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss</u>**

Defendant Platinum Fortune, LP ("Platinum") filed a motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Plutos Sama Holdings, Inc.("Plutos"). Mot., Dkt. No. 38. Plutos opposed the motion. Opp'n, Dkt. No. 42. Platinum filed a reply. Reply, Dkt. No. 43.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This case concerns a dispute over the lawful ownership of Jagex Limited ("Jagex"), a video game developer. FAC ¶ 20. According to the FAC, Shanghai Fukong, a publicly traded company on the Shanghai Stock Exchange, purchased Jagex for $350 million in 2015. <u>Id.</u> ¶ 21. SHNT Ltd., a wholly owned subsidiary of Shanghai Fukong, then took control over Jagex. <u>Id.</u> The FAC describes a complex series of events, including conspiracy, bribery, breach of contract, and fraud, and names a total of seven defendants. The Court begins by reviewing the relevant factual background with a focus on the events concerning Platinum, the defendant who moved for dismissal.

Plutos, the plaintiff, is a "private equity company focused on distressed assets and companies." <u>Id.</u> ¶ 18. Plutos focuses on creating value for itself and its limited partners through takeovers of distressed and contested assets. <u>Id.</u> Platinum is a Delaware limited partnership investment fund formed by Plutos and Di Xi Huang ("Huang") on April 11, 2019. <u>Id.</u> ¶ 23. Platinum was formed for the purpose of acquiring SHNT and Jagex via auction. <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-133 JVS (JDEx)                           Date  September 22, 2021

Title   Plutos Sama Holdings, Inc. v. Jagex Limited et al.

According to the FAC, 85% of Shanghai Fukong was owned by Yan Jinggang ("Yan"), who allegedly was sanctioned by Chinese securities regulators. Id. ¶¶ 21-22 n.3. After forming Platinum, Plutos sought assurances from Huang that he was not acting for the benefit of persons connected to SHNT and Fukong, specifically Yan, and received a signed letter to that effect on April 20, 2019. Id. ¶ 28. At an auction in June 2019, Platinum submitted a winning bid for SHNT of $500 million, but ultimately the transfer of SHNT and Jagex was not finalized. Id. ¶¶ 25-26. On February 25, 2020, Plutos sold its general partner interest in Platinum to MacArthur Fortune Holdings, LLC ("MacArthur"). Id. ¶ 32. According to the FAC, Plutos decided to exit from Platinum after learning that Yan was involved in Platinum and supplying funding to support Platinum's acquisitions. FAC ¶¶ 30-32.

The FAC states that Plutos became aware of foreclosure proceedings in early 2020 that would put up SHNT and Jagex for another auction. Id. ¶ 33. On March 21, 2020, after that auction failed, Plutos submitted an offer to purchase Jagex through a private sale. Id. ¶ 35. Shortly thereafter, the assets of Plutos' lender were allegedly temporarily frozen, preventing Plutos from completing the purchase deposit. Id. ¶ 36. A second judicial auction subsequently failed, and on April 17, 2020, a Chinese court allegedly transferred the entirety of SHNT to its creditors, with Huarong receiving a 55% interest and Minsheng receiving a 45% interest. Id. ¶ 38.

The FAC alleges that Platinum took control of Jagex on April 22, 2020. Id. ¶ 35. On April 29, 2020, Minsheng and Huarong allegedly received a Stop Notice from the High Court of England that prevented the transfer of shares of Jagex. Id. ¶ 35. On June 21, 2020, a filing submitted to that court described a bonus pool that had paid funds to senior personnel after the sale to Platinum, which the FAC alleges were bribes. Id. The FAC alleges that Plutos then continued efforts to acquire Minsheng's share of SHNT and Jagex, but ultimately failed. Id. ¶¶ 39-42. Plutos also alleges that they continued to attempt to purchase Huarong's share of SHNT, first through private sale, then through an auction. Id. ¶¶ 43-44. Plutos alleges that they formed a binding contract with Huarong, which Huarong then breached. Id. ¶¶ 45-47. Finally, the Carlyle Group purchased Jagex in January 25, 2021. Id. ¶ 58.

On February 1, 2021, Plutos filed the FAC. See generally, FAC, Dkt No. 9. The FAC alleges a total of nine causes of action, two of which name Platinum. First, Plutos alleges a "[c]onspiracy to violate Federal Civil RICO, 18 U.S.C. § 1962(d) Against All

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-133 JVS (JDEx) | Date | September 22, 2021 |
| Title | Plutos Sama Holdings, Inc. v. Jagex Limited et al. | | |

Defendants." Id. ¶¶ 88-93. Additionally, Plutos alleges that Platinum violated California Penal Code §§ 484(a) and 496(a) by purchasing Jagex, which Plutos alleges is "an asset stolen or procured through theft or extortion." Id. ¶ 133-43.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Fed. R. Civ. P. 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-133 JVS (JDEx) | Date | September 22, 2021 |
| Title | Plutos Sama Holdings, Inc. v. Jagex Limited et al. | | |

conclusory allegations of fraud are not. Id. Furthermore, though allegations based on information and belief are usually insufficient, in circumstances of corporate fraud, this rule may be relaxed as to matters within the opposing party's knowledge. Id.

### III. DISCUSSION

    *A.*    *RICO Claim*

The second cause of action in the FAC alleges that all defendants, including Platinum, engaged in a conspiracy to violate 18 U.S.C. § 1962(d). According to Plutos, "[t]he conspiracy's purpose was to divert money from Jagex to their own benefit, to facilitate the payment of bribes in an effort to defraud Plaintiff and other investors, and to ensure that Defendant Yan maintained control of Jagex." FAC ¶ 90. Platinum argues for dismissal of this cause of action because the allegations fail to provide the particularity required to state a fraud claim under Rule 9(b). Mot. at 10.

Where a plaintiff alleges a "unified course of fraudulent conduct" and relies on that conduct as the basis of a claim, the claim is "grounded in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). The Court finds that the second cause of action grounds in fraud. It alleges that "Yan engaged in violations of the Travel Act and wire fraud to illegally take control of Jagex from Plaintiff." FAC ¶ 88. It describes a conspiracy that began as early as 2018 to divert money from Jagex, ensure Yan's control of Jagex, and "facilitate the payment of bribes in an effort to defraud Plaintiff." Id. ¶¶ 89-90. Each defendant, including Platinum, is alleged to have committed "at least one overt act in furtherance of such conspiracy." Id. at 91. Thus, Plutos is required to satisfy the heightened pleading requirements of Rule 9(b).

Rule 9(b) requires pleading with particularity that goes beyond mere conclusory allegations. Plutos has failed to meet that standard with respect to the RICO cause of action against Platinum. A brief review of the totality of the allegations made with respect to Platinum highlights that deficiency. The crux of Plutos' allegation is that the purchase of SHNT and Jagex by Platinum was unlawful. FAC ¶ 11. "Based on third-party statements," Plutos alleges that Platinum relied on "stolen funds" to complete that purchase. Id. ¶ 30. According to Plutos, Platinum "unlawfully seized control of Jagex on April 22, 2020." FAC ¶ 35(2). Additionally, Plutos alleges that a bonus pool paid to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-133 JVS (JDEx) | Date | September 22, 2021 |
| Title | Plutos Sama Holdings, Inc. v. Jagex Limited et al. | | |

senior Jagex personnel "was a clear bribe to the senior officials of Jagex to 'keep quiet' about the facts that Platinum never had the money." Id. Finally, Plutos reiterates the allegation that Platinum knowingly "purchased Jagex, an asset stolen or procured through theft or extortion." Id. ¶ 139-40.

These allegations rely on conclusory legal statements. Merely describing something as "stolen funds," "a clear bribe," or stating that Platinum "unlawfully seized control" is insufficient to meet the Rule 9(b) pleading standard. There are no indications of the source of the "stolen funds" that Platinum allegedly supplied, how to distinguish a corporate bonus from a "clear bribe," or why the acquisition was an unlawful seizure of control instead of a legitimate sale of a company pursuant to Chinese law.

Accordingly, the Court finds that Plutos fails to plead the second cause of action with sufficient particularity to state a claim under 18 U.S.C. § 1962 against Platinum.

    B.    *California Law Claim*

The ninth cause of action alleges that Platinum "engaged in a manner of theft and received and/or concealed stolen property as defined by California Penal Code §§ 484(a) and 496(a)," or aided and abetted the other defendants in doing so. FAC ¶ 134. California Penal Code § 496(c) provides a civil remedy for the receipt, sale, or concealment of stolen property. See Cal. Pen. Code § 496 (c). The claim begins by "incorporat[ing] by reference all the preceding paragraphs" of the FAC. FAC ¶ 133. After restating the statutory language, Plutos asserts that "[a]s alleged in detail herein, Platinum . . . purchased Jagex, an asset stolen or procured through theft or extortion." Id. ¶ 139. There are no additional facts or allegations included within the cause of action.

Platinum argues that the heightened pleading standards of Rule 9(b) should be applied to this cause of action as well because it sounds in fraud. Mot. at 9-10. Plutos disagrees, arguing that because "[t]he allegations involve theft of shares of a company[,] [t]here is no need to plead with such specificity." Opp'n at 20. While Plutos is correct that not every claim under Penal Code § 496(c) is grounded in fraud and subject to the heightened pleading standard, where "plaintiffs' § 496 claim relies almost entirely on the preceding allegations of fraudulent conduct," compliance with Rule 9(b) is required. Fodor v. Blakey, No. CV 11-08496 MMM, 2012 WL 12893985, at *13 (C.D. Cal. Feb 21, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-133 JVS (JDEx)                    Date  September 22, 2021

Title  Plutos Sama Holdings, Inc. v. Jagex Limited et al.

As discussed above, Plutos fails to allege fraudulent conduct on behalf of Platinum with sufficient particularity to satisfy Rule 9(b). Accordingly, the Court finds that Plutos fails to state a claim under California Penal Code § 496 against Platinum.

### C.  Leave to Amend

Plaintiffs seek leave to amend the allegations of their complaint. Opp'n at 22. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court does not find that there was undue delay given that Plaintiffs' complaint has only been amended once. The Court is not convinced that the action was filed in bad faith. The Court is not convinced that most amendments would be futile or that Platinum will be unduly prejudiced. Thus, the Court finds that leave to amend is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-133 JVS (JDEx) | Date | September 22, 2021 |
| Title | Plutos Sama Holdings, Inc. v. Jagex Limited et al. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **GRANTS** Plutos thirty-days leave to amend its claims.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |