Stephen D. Weisskopf (SBN 213596)
sweisskopf@levatolaw.com
LEVATOLAW, LLP
2029 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 310-734-2026

Attorneys for PLUTOS SAMA HOLDINGS, INC.

Additional Counsel Listed On Signature Page

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUTOS SAMA HOLDINGS, INC. <br><br> Plaintiff, <br><br> v. <br><br> JAGEX LIMITED; YAN JINGGANG, HUARONG INTERNATIONAL TRUST CO. LTD; SHANGHAI HONGTOU NETWORK TECHNOLOGY CO. LTD; SHANGHAI HONGTOU NETWORK TECHNOLOGY CO. LTD TRUST; CHINA MINSHENG TRUST CO, LTD; PLATINUM FORTUNE, LP; THE CARLYLE GROUP; and DOES 1-20 <br><br> Defendants. | Case No.: 8:21-cv-00133-JVS-JDE <br> Honorable Sherilyn Peace Garnett <br><br> **JOINT RULE 26(F) REPORT** <br><br> Scheduling Conference: <br> Date: September 21, 2022 <br> Time: 3:00 pm <br> Place: Courtroom 5C <br><br> Compl. Filed:   January 21, 2021 <br> Answer Filed:   June 13, 2022 <br> Trial (Proposed by Defendant Platinum Fortune, LP):   June 11, 2024 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's July 19, 2022 Order, Plaintiff PLUTOS SAMA HOLDING, INC. ("Plaintiff") and Defendant PLATINUM FORTUNE, LP ("Platinum") respectfully submit this Joint Rule 26(f) Report. Platinum is the only remaining defendant that has appeared in the case to date.

The Parties submit the following joint report:

**1. Statement of the Case**

<u>Plaintiff's Statement:</u>

This is a complex RICO case that also involves claims of breach of contract, conversion, tortious interference and violation of California Penal Code Section 496. This case centers around Plaintiff's efforts to acquire a company called Jagex, a gaming company that produced the popular game RuneScape. Plaintiff has spent several years attempting to purchase Jagex and its parent company either directly or through public auctions in China. It was recently successful at purchasing a 55% interest in Jagex and its parent company from a Chinese bank at a public auction, Defendant Huarong. Jagex's prior owner, Defendant Yan Jinggang, has engaged in bribes and other unlawful conduct, to block all of Plaintiff's efforts (including the latest) as he seeks to maintain control over the company, for reasons detailed in the amended complaint. Yan has been the subject of international criminal investigations, removal and formal censorship from the regulators of the Shanghai Stock Exchange for his participation in money laundering, bribery, and outright fraud, which include a trail of 30,000 victims in China and America, the creation of over 1,200 shell companies to funnel laundered funds, and over 404 pending civil lawsuits and criminal investigations, including the criminal sentencing of his former partner Liang Zhenbang and the death sentence of his former lender at Huarong, a Chinese bank. In October of 2018, Yan fled his troubles in China and ran to California. From his home in Orange County, California, Yan, has prevented the Plaintiff from legally acquiring Jagex and its parent entity, through a series of

bribes and other unlawful conduct. The defendants were recipients bribes and conspired with Yan to block Plaintiff's legal efforts to acquire Jagex. The scheme was very complex and not susceptable to a short summary and Plaintiff refers the Court to the amended complaint for more details.

<u>Platinum's Statement:</u>

As admitted by Plaintiff, the operative Complaint alleges an elaborate scheme that purportedly prevented Plaintiff from acquiring a gaming company that was worth several hundred million dollars. These outlandish allegations against Platinum have no merit. Only one of Plaintiff's seven causes of action—federal civil RICO conspiracy—is asserted against Platinum. This claim is grounded in Plaintiff's alleged attempts to acquire Jagex, a video game company headquartered in England. Plaintiff claims that it made inroads into acquiring Jagex from its Chinese parent company (Fukong) while acting as the general partner of Platinum. However, in February 2020, Plaintiff decided to sell its interest in Platinum upon learning of a purported association between Platinum's limited partner and Defendant Yan. Plaintiff alleges that Platinum then acquired Jagex in April 2020—after Plaintiff had already sold its ownership interest in Platinum. Ownership disputes ensued, and were litigated by the interested parties (Platinum, Jagex, Huarong, and Minsheng) before a court in the United Kingdom. Those disputes were fully resolved in December 2020, and Jagex was acquired by the Carlyle Group in January 2021. Plaintiff's attempt to convert this business dispute into a federal RICO conspiracy claim will fail.

The original complaint was filed on January 21, 2021, which was followed by a First Amended Complaint on February 1, 2021. On March 23, 2021, Plaintiff filed a motion for preliminary injunction seeking, among other things, to block any sale of Jagex. That motion was denied. On June 14, 2021, Platinum filed a motion to dismiss that was granted with leave to amend. On October 22, 2021, Plaintiff filed a Second Amended Complaint. On November 5, 2021, Platinum filed

another motion to dismiss that was granted with leave to amend. On February 11, 2022, Plaintiff filed a Third Amended Complaint. On February 25, 2022, Platinum filed another motion to dismiss. On April 7, 2022 the Court denied Platinum's motion. Platinum answered the Third Amended Complaint on June 13, 2022.

**2. Subject Matter Jurisdiction**

Plaintiff's sole claim against Platinum arises under a federal statute (18 U.S.C. § 1962(d)), and this Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

**3. Legal Issues**

Plaintiff's Statement:

The key legal issues will involve the RICO claims.

Platinum's Statement:

The principal legal issues in dispute with respect to Plaintiff's claims against Platinum include: (1) whether Platinum violated the federal civil RICO conspiracy provision under 18 U.S.C. § 1962(d); (2) whether Platinum committed an overt act independently wrongful under RICO in furtherance of the conspiracy; (3) whether this overt act proximately caused injuries to Plaintiff's business or property; (4) whether Platinum entered into an agreement to violate RICO; and (5) whether Platinum was aware of the essential nature and scope of the RICO enterprise and intended to participate in it.

**4. Parties, Evidence, etc.**

Parties:

Plaintiff:   Plutos Sama Holdings, Inc.

Defendants: Jagex, LLC

         Yan Jinggang

         Huarong International Trust Co., Ltd

| | |
|---|---|
| 1 | Shanghai Hongtou Network Technology Co., Ltd |
| 2 | Shanghai Hongtou Network Technology Co., Ltd Trust |
| 3 | China Minsheng Trust Co., Ltd |
| 4 | |
| 5 | Platinum Fortune Holding, LLC |
| 6 | Macarthur Fortune Holding, LLC |
| 7 | Belle Liu |
| 8 | Di Xi Huang |
| 9 | |
| 10 | Duke Li Zhu |

Platinum states that it is a limited partnership and therefore does not have a parent; however, its limited partner is Platinum Alpha Enterprises Limited, owned by Di Xi Huang, and its general partner is PSI Platinum Fortune, LLC, owned by MacArthur Fortune Holding LLC. Platinum Treasure Limited is a subsidiary of Platinum.

Percipient Witnesses: Matthew C. Browndorf; Yan Jinggang; Belle Liu; Di Xi Huang; Duke Li Zhu; additional witnesses to be identified during discovery.

Key Documents: May include emails between the parties; documents related to the auction; and documents related to the sale of Jagex; additional documents to be identified during discovery.

**5. Damages**

Plaintiff's Statement:

Jagex has been valued at $1 billion dollars and but for the wrongful conducted alleged in the amended complaint, Plaintiff would have purchased Jagex

and its parent company for approximately $400 million dollars, causing damages of roughly $600 million dollars.

    Platinum's Statement:

  Because Platinum did not violate 18 U.S.C. § 1962(d), and because Plaintiff was not proximately injured by any wrongful act by Platinum, Plaintiff has not suffered any damages attributable to Platinum.

**6. Insurance**

    Plaintiff's Statement:

  Plaintiff is not aware of any insurance coverage.

    Platinum's Statement:

  Platinum does not have insurance coverage applicable to this lawsuit.

**7. Motions**

  **(a) Procedural Motions.**  Plaintiff does not presently anticipate filing any motions to add other parties or claims, amend the pleadings or transfer venue. Platinum believes that discovery may reveal whether Platinum has a basis to assert counterclaims or cross-claims, and/or to amend its answer to assert additional defenses.

  **(b) Dispositive Motions.** Plaintiff does not plan to file any dispositive motions given the complex factual nature of the RICO claims.

  Platinum intends to bring a motion for judgment on the pleadings on the grounds that Plaintiff is a void entity under Delaware law in light of its failure to pay Delaware franchise taxes, and that accordingly it lacks the legal capacity to pursue this lawsuit.

  If its motion for judgment on the pleadings is not granted, Platinum intends to bring a motion for summary judgment on the grounds that there is no triable issue with respect to Plaintiff's claims that (1) Platinum violated the federal civil RICO conspiracy provision under 18 U.S.C. § 1962(d); and that (2) Plaintiff was proximately injured by those violations.

      **(c)     Class Certification Motion.**     This case is not a class action.

      **8.     Manual for Complex Litigation.**

The parties do not believe that there is a need to utilize the procedures of the Manual of Complex Litigation.

      **9. Discovery**

      **(a)     Status of Discovery.**

    <u>Plaintiff's Statement:</u>  There has been no discovery in this matter to date. There were multiple 12(b)(6) motions filed by Platinum and the parties agreed to hold on discovery until those motions were decided, which has now occurred. Plaintiff has not engaged in discovery yet because there was a legal issue regarding who controlled the company. The CEO is involved in a divorce proceeding in Orange County Superior Court and his wife has filed for bankruptcy. Additionally, the wife has sought to take control over the company. On August 26, 2022, the family law judge granted an order to appoint a receiver over Plaintiff, however, a specific receiver has not yet been appointed. That receiver will take control over this litigation and provide direction to counsel, which as of the filing of this Report has not yet happened. Plaintiff's delay in conducting discovery and serving the defendants is directly tied to the issue of who controls Plaintiff and is authorized to make decisions regarding this litigation. The control issue should be resolved in the coming weeks.

    <u>Platinum's Statement:</u>  Platinum concurs with Plaintiff's statement that there has been no discovery in this matter to date. However, now that the parties have conducted the required conference of counsel pursuant to Federal Rule of Civil Procedure 26(f), Platinum is prepared to proceed with discovery and will promptly serve initial discovery requests. To the extent Plaintiff intends to suggest that discovery should be put on hold for some indeterminate period while a "control issue" is litigated in another court, Platinum does not believe that any such stay is

warranted.

Platinum also anticipates that there may be discovery disputes arising in connection with the recent indictment by a federal grand jury of Plaintiff's CEO and founder, Matthew Browndorf (a lawyer licensed in several states) with four counts of wire fraud and four counts of money laundering arising from an alleged scheme to defraud the clients and employees of a foreclosure law firm that he owned, by stealing more than $3.9 million. *See United States v. Matthew Browndorf*, No. 22-cr-00291-GJH (D. Md.). In that proceeding, the government alleges that the proceeds of this theft were used in part to pay expenses incurred by Plutos Sama, LLC, an affiliate of Plaintiff. Platinum intends to conduct discovery into the nature of any connection between this alleged scheme by Mr. Browndorf, on the one hand, and Plaintiff's actions in connection with the allegations in its Complaint, on the other hand.

Further, Mr. Browndorf is a critical witness in this case. To the extent Mr. Browndorf intends to assert his rights under the Fifth Amendment of the U.S. Constitution in response to discovery requests from Platinum in this action, thus depriving Platinum of evidence that may be crucial to its defense against Plaintiff's claim, Platinum will seek appropriate discovery sanctions and/or pursue other appropriate relief.

**(b)   Discovery Plan.**

Plaintiff's Statement:  Plaintiff cannot propose a discovery plan until a receiver is appointed and has time to get up to speed and provide a proposal on how discovery in this litigation should proceed.

Platinum's Statement:  Platinum, for its part, is prepared to proceed with discovery. It intends to promptly serve initial sets of discovery requests, including requests for production and interrogatories seeking information about the purported

factual bases for Plaintiff's claim, including information about Plaintiff's attempts to acquire Jagex. It will also seek depositions, including of Mr. Browndorf and other witnesses to be identified through discovery.

Platinum does not currently anticipate that any changes are needed to the limitations on discovery imposed by the Federal Rules.

**(c)    Discovery Cut-off.**

<u>Plaintiff's Statement:</u>  For the reasons discussed above and service issues, Plaintiff is not capable of proposing a discovery cut-off date at this time. With respect to service issues, many of the defendants are Chinese companies and foreign based individuals. Serving companies and individuals in China is a length and complicated process. While Plaintiff was defending against 12(b)(6) motions it did not want to begin the service process, least it have to start over if an amended complaint was filed. Plaintiff ended up filing three amended complaints. Platinum's final 12(b)(6) motion was denied on April 7, 2022. By this time, the control issue had arisen and it was unclear who had authority to direct counsel in this litigation. As stated, with the appointment of a receiver, the control issue will be resolved and Plaintiff can begin to prepare a strategy and plan to litigate this matter, which will start with serving all parties.

<u>Platinum's Statement:</u>  As set forth in the attached scheduling worksheet, Platinum proposes a fact discovery cut-off date of October 6, 2023. Platinum is not amenable to putting this case on hold indefinitely while Plaintiff continues to wait to even begin trying to serve other defendants.

**(d)    Expert Discovery.** For the reasons stated above, Plaintiff is not yet prepared to propose dates.

As set forth in the attached scheduling worksheet, Platinum proposes an exchange of initial expert reports on October 20, 2023, an exchange of rebuttal expert reports on November 17, 2023, and an expert discovery cutoff of December

15, 2023.

**(e)     Settlement Conference/Alternative Dispute Resolution (ADR).**

Plaintiff and Platinum have not yet engaged in meaningful settlement discussions.

Plaintiff and Platinum select ADR Procedure No. 3 under L.R. 16-15.4, private mediation, to take place at a later date to be determined.

**(f)     Trial:**

      **i.     Trial Estimate.**  Plaintiff anticipates that the trial of this matter will last between 7 and 10 court days, although this estimate may change based on discovery.  Until discovery is conducted, it is difficult to determine how many witnesses Plaintiff will call at trial.  Platinum anticipates that the trial of this matter could last from 5 to 10 court days, although notes that this estimate is preliminary, and subject to change depending on the number of defendants that ultimately appear in this action.  Platinum likewise believes it is premature to determine how many witnesses it will call at trial.

      **ii.     Jury or Court Trial.**  Plaintiff requests a jury trial.

      **iii.     Consent to Trial Before a Magistrate Judge.**  The parties do not wish to have a Magistrate Judge preside over the entire case.

      **iv.     Lead Trial Counsel.**  Lead trial counsel for Plaintiff will be Stephen D. Weisskopf.

Lead trial counsel for Platinum will be James N. Kramer.  Other attorneys for Platinum who will participate in the trial are Kevin M. Askew, M. Todd Scott and Tristan Allen.

**(g)     Independent Expert or Master.**  The parties do not at this time believe a master or independent scientific expert is necessary.

**(h)     Other Issues.**  This case involves a number of documents and witnesses located abroad in jurisdictions such as the People's Republic of China

and the United Kingdom. Because of this, additional time for discovery may be required.

Date: September 7, 2022

**LEVATOLAW, LLP**

By: /s/ Stephen D. Weisskopf
Stephen D. Weisskopf
Attorneys for Plaintiff
PLUTOS SAMA HOLDINGS, INC.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ James N. Kramer
James N. Kramer
Attorneys for Defendant
PLATINUM FORTUNE, LP

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing and that attestation was approved on this Wednesday, September 7, 2022, at Los Angeles, California.

By: *s/ Stephen D. Weisskopf*
Stephen D. Weisskopf

## JUDGE SHERILYN PEACE GARNETT
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court ORDERS the parties to make every effort to agree on dates.**

| Case No. 21-cv-00133-JVS-JDE | Case Name: Plutos Sama Holdings, Inc. v. Jagex Limited, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [X] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Tuesday* at 8:30 a.m., within 12 months after Scheduling Conference) Estimated Duration: 5 - 10 Days | | 06/11/2024 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Wednesday* at 3:00 p.m., at least 18 days before trial) | | 05/22/2024 | |

| Event *Note:* Hearings shall be on Wednesdays at 1:30 p.m. Other dates can be any day of the week. | Weeks Before FPTC[1] | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties [Wednesday] | | | 05/17/2023 | |
| Fact Discovery Cut-Off (no later than deadline for *filing* dispositive motion) | 17 | | 10/06/2023 | |
| Expert Disclosure (Initial) | 16 | | 10/20/2023 | |
| Expert Disclosure (Rebuttal) | 14 | | 11/17/2023 | |
| Expert Discovery Cut-Off | 14[2] | | 12/15/2023 | |
| Last Date to *Hear* Motions [Wednesday]<br>• Rule 56 Motion due at least 6 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | | 02/28/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [X] 3. Private Mediation | 5 | | 04/17/2024 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 4 | | 04/24/2024 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Declarations. of Direct Testimony *(court trial only)* | 2 | | 05/08/2024 | |

---

[1] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class actions and patent and ERISA cases may need to vary from the above.

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for filing an MSJ.