JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PLUTOS SAMA HOLDINGS, INC.,
Plaintiff,
v.
JAGEX LIMITED, et al.,
Defendants.

Case No. 8:21-cv-00133-SPG-JDE

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 92]**

Defendant Platinum Fortune LP (hereinafter "Defendant") moves for judgment on the pleadings due to lack of standing. (ECF No. 92). Plaintiff filed an untimely opposition and Defendant timely replied. (ECF Nos. 99, 96, 102). The Court heard oral argument on December 7, 2022. Having considered the submissions of the parties, oral argument, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's motion.

## I. BACKGROUND

Plaintiff filed its initial Complaint in this action on January 21, 2021. (ECF No. 1). Plaintiff amended its Complaint for a first time on February 1, 2021. (ECF No. 9). Plaintiff has since filed second and third amended Complaints after successive motions to dismiss were granted. (ECF Nos. 48, 61). Defendant moved to dismiss Plaintiff's Third Amended Complaint ("TAC") as well, which the Court denied on April 7, 2022, thus allowing the action to move forward. (ECF No. 69). The operative TAC states claims under the federal civil RICO statute along with various state law claims, all related to alleged interference with Plaintiff's attempt to purchase a gaming franchise. *See* (ECF No. 61 ("TAC") ¶¶ 90–164).

After its motion to dismiss was denied, Defendant filed an answer on June 13, 2022. (ECF No. 79). On October 14, 2022, Defendant filed the instant motion for judgment on the pleadings, arguing that Plaintiff cannot maintain this suit due to its lack of capacity under Delaware law. (ECF No. 92). While Plaintiff failed to oppose initially, in the interest of facilitating a decision on the merits, the Court allowed Plaintiff to file an untimely opposition. *See* (ECF No. 98). The Court likewise permitted Defendant to file a sur-reply responding to the opposition. (ECF No. 102).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court may grant judgment on the pleadings where the moving party is entitled to judgment as a matter of law when taking the allegations in the pleadings as true. *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citation omitted). This standard is "functionally identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Accordingly, a court need not accept as true factual allegations that are conclusory or represent conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). Judgment on the pleadings should thus be entered when a complaint does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also Cafasso*, 637 F.3d at 1053.

When ruling on a motion for judgment on the pleadings, a court may consider documents that the pleadings incorporate by reference, as well as matters that are subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court also may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted). The court may treat such a document as part of the complaint. *Id.* Lastly, the court may not assume the truth of allegations contradicted by affidavit or matters properly subject to judicial notice. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## III. DISCUSSION

Defendant moves for judgment on the pleadings for lack of capacity arguing that, since Plaintiff filed the operative TAC, Plaintiff has lost its valid corporate status.[1]

[1] While Defendant's papers appear to improperly conflate two distinct doctrines, lack of capacity to sue and standing, Defendant clarified during oral argument that its argument is focused on lack of capacity. Therefore, the Court does not address whether Plaintiff has standing.

Federal Rule of Civil Procedure 17(b) states that the capacity of a corporation to sue or be sued is properly determined "by the law under which [the corporation] was organized." Fed. R. Civ. P. 17(b)(2). Plaintiff is incorporated in Delaware; therefore, the Court examines whether Plaintiff has capacity to sue according to Delaware law. Under Delaware law, when a corporation "neglects or refuses for 1 year to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative. . . ." Del. Code. Ann. tit. 8, § 510.

Here, Defendant asks the Court to find that Plaintiff lacks capacity to sue because its charter is void for failure to pay taxes. In support of this argument, Defendant provides the Court with a PDF of a webpage belonging to the Delaware Department of State: Division of Corporations, which states that as of a March 1, 2022 "status date," Plaintiff owed outstanding taxes and therefore was "void."[2] (ECF No 92-2). In its opposition, Plaintiff admits that its corporate status is currently void under Delaware law. (ECF No. 99 at 2). Additionally, at oral argument, Plaintiff admitted that it still has not paid its taxes. Plaintiff also represented that it could not be sure when it would be able to reinstate its corporate status given ongoing difficulties surrounding its corporate control.

The Court agrees with Defendant that under Delaware law, because Plaintiff's corporate status is void for failure to pay taxes, it lacks capacity to sue. *See* tit. 8, § 510; *see also Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276, at *1 (Del. 1990) (unpublished table decision) (holding that where "the charter or

[2] Defendant requests that the Court take judicial notice of Plaintiff's status as a void corporation based on the October PDF of the Delaware Department of State webpage. Courts may take judicial notice of the existence of the Delaware Department of State website as well as its displayed language because they are facts "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b). Therefore, the Court takes judicial notice of the reported status of Plaintiff as a "void" corporation as of the October 14, 2022, date of the report.

certification of incorporation of the corporation has, pursuant to 8 Del. C. § 510, become void and revoked and all powers heretofore conferred upon the corporation have become inoperative" the corporation "has hereby ceased to exist and has lost any standing to appeal and be heard"). Additionally, the Court recognizes that under Delaware law, corporate status may be reinstated, allowing for future capacity to sue. *See Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (1968) (finding reinstatement of corporate charter allowed trial to continue because reinstatement of charter left corporation as though it were never void); *see also* Del. Code. Ann. tit. 8, § 312(b). However, the possibility of such future reinstatement cannot provide Plaintiff the ability to hold Defendant indefinitely in a legal battle Plaintiff has not demonstrated it has capacity to prosecute. Plaintiff has had nine months in which to reinstate its corporate status but has failed to do so. Furthermore, during oral argument Plaintiff represented to the Court that it did not know when a receiver would be appointed to allow for payment of taxes because of "money issues." Therefore, because Plaintiff lacks capacity to sue under Delaware law and has demonstrated that such capacity is not forthcoming, the Court GRANTS Defendant's motion.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice, should Plaintiff regain its corporate status and therefore its capacity to sue.

**IT IS SO ORDERED.**

DATED: December 19, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE